UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00218 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRAD A. MCINTYRE | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is Defendant Brad A. McIntyre's ("McIntyre") Motion for Hearing on Admissibility of Alleged Co-Conspirator Statements (Record Document 51). The Government opposes McIntyre's Motion. See Record Document 54. For the reasons contained in the instant Memorandum Ruling, McIntyre's Motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 28, 2015, a federal grand jury in Shreveport, Louisiana, indicted McIntyre in a ten-count indictment. See Record Document 1. The indictment alleges a conspiracy to defraud the United States by McIntyre and some of his family members and employees by creating fake farming operations to receive farming subsidies from the United States Department of Agriculture ("USDA"). See id. The specific counts in the indictment are as follows: (1) Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349; (2)-(6) Mail Fraud in violation of 18 U.S.C. § 1341; (7)-(10) Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity in violation of 18 U.S.C. § 1957. See id.

On February 7, 2017, McIntyre filed the instant Motion for Hearing. See Record Document 51. McIntyre seeks a hearing to determine whether certain prior statements by McIntyre's unindicted co-conspirators, particularly his sister, nieces, and employees, fit

within the hearsay exclusion for co-conspirator statements in Fed. R. Evid. 801(d)(2)(E). See id. The Government opposes the Motion for Hearing, arguing that a hearing is not required to determine the admissibility of these statements as non-hearsay under this Rule. See Record Document 54.

## LAW AND ANALYSIS

In his Motion for Hearing, McIntyre primarily relies upon United States v. James, 590 F.2d 575 (5th Cir. 1979). See Record Document 51. McIntyre argues that because there have not yet been any proceedings before the Court, the Court has not yet had the opportunity to "fulfill its gate-keeping role and analyze the factual backdrop that the Government contends would provide the basis for the admissibility" of the alleged co-conspirator statements. Id. at 3. By contrast, the Government argues that a hearing is neither required nor necessary to admit such statements under Fed. R. Evid. 801(d)(2)(E). See Record Document 54.

The Court agrees with the Government. In United States v. James, the Fifth Circuit stated that "the district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator." 590 F.2d at 582. The Court must find three elements by a preponderance of the evidence as a preliminary question of fact to admit statements by co-conspirators under the co-conspirator exclusion from hearsay in Fed. R. Evid. 801(d)(2)(E): (1) the speaker conspired with the person against whom the statement is offered; (2) the statement was made during the course of the conspiracy; and (3) the statement was made in furtherance of the conspiracy. See Bourjaily v. United States, 483 U.S. 171, 175 (1987).

However, "no hearing is required" for the Court to make these factual determinations. United States v. West, 58 F.3d 133, 142 (5th Cir. 1995). In fact, though ultimately at the discretion of the district court, James' stated preference for a pretrial hearing to make a factual finding on these elements

> . . . raises serious practical problems. Proving conspiracy is a complicated business, and traditionally prosecutors have considerable leeway in the order of proof. Proving the predicate facts is so intertwined with proving the merits that requiring two presentations involves enormous duplication of time and effort. Prudential reasons favor a separate admissibility hearing, but it is time-consuming and fraught with practical difficulties. Hence it is largely settled that a court may admit coconspirator hearsay provisionally.

Christopher B. Mueller & Laird C. Kirkpatrick, Evidence § 8.34, (5th ed. 2012).

Thus, the Court is free to conditionally admit the out of court statements by the alleged co-conspirators subject to satisfaction of the three necessary elements by subsequent testimony or other evidence. See West, 58 F.3d at 142; see United States v. Blevins, 960 F.2d 1252, 1256 (4th Cir. 1992); see Fed. R. Evid. 104(b). No hearing is necessary. As such, McIntyre's Motion for Hearing is **DENIED**.

## CONCLUSION

Because a hearing is not required to determine the admissibility of the alleged co-conspirator statements as non-hearsay under Fed. R. Evid. 801(d)(2)(E), McIntyre's Motion for Hearing (Record Document 51) is **DENIED**.

An Order consistent with the instant Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 16th day of February, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE