**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 15-00218

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

BRAD A. MCINTYRE                            MAGISTRATE JUDGE HAYES

**MEMORANDUM ORDER**

Before the Court is a Motion to Exclude/Strike Charges & Evidence of New Entities (Record Document 75) filed by Defendant Brad McIntyre ("McIntyre"). McIntyre argues that the charges, evidence, and claims for forfeiture related to the new farming entities set forth in the Bill of Particulars should be stricken, excluded, and dismissed with prejudice because:

    1.    The grand jury never considered the New Entities in returning the Indictment.

    2.    The Indictment did not put McIntyre on "fair notice" that the New Entities were part of the charges against him.

Id. at 1. McIntyre contends that the Government has attempted to constructively amend and broaden the Indictment. See id. at 2. The defense further contends that the Indictment is fatally vague, broad, and lacks the specificity to provide McIntyre with constitutional notice. See id. at 7.

The Indictment in this case was returned on October 28, 2015. See Record Document 1. Count One of the Indictment charges McIntyre with conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. See id. The Government alleges that the conspiracy began on or about August 1, 2009 and continued until on or about February 1, 2013. See id. at 2. Count One of the Indictment reads, in pertinent part:

### III. THE OBJECT OF THE CONSPIRACY

The object of the conspiracy and the scheme and artifice to defraud was to obtain agricultural subsidy payments to which the conspirators were not entitled.

### IV. MANNER AND MEANS OF THE CONSPIRACY

A. It was part of the conspiracy and the scheme and artifice to defraud that BRAD A. MCINTYRE recruited and used family members, farm employees, and friends to create fictitious farming operations, ***including but not limited to, Boeuf Bayou Farms, Sandy Bayou Farms, and others***.

Id. (emphasis added). Counts Two through Six of the Indictment charge McIntyre with five substantive counts of mail fraud, in violation of 18 U.S.C. § 1341. See id. at 4. The substantive mail fraud counts relate to events occurring in 2010 specific to Boeuf Bayou Farms and Sandy Bayou Farms. See id. Counts Seven through Ten of the Indictment charge McIntyre with engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957. See id. at 5. The events relevant to Counts Seven through Ten likewise occurred in 2010. See id. These four money laundering counts involve criminally derived property from four different farming entities, two of which fall into the "New Entities" identified by McIntyre in the instant motion. See Record Document 80 at 4. The Government filed a Bill of Particulars (Record Document 62) on May 1, 2017, specifically referencing five additional farming entities which were not specifically identified in the Indictment.

McIntyre's motion appears to be both a motion to dismiss charges and a motion in limine to exclude certain evidence. Federal Rule of Criminal Procedure 12(b)(3)(B) requires that motions alleging a defect in the indictment, including lack of specificity and

failure to state an offense, be brought before trial.  See F.R.Cr.P. 12(b)(3)(B).  The propriety of granting such a motion "is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact."  U.S. v. Fontenot, 665 F.3d 640, 644 (5th Cir. 2011).  If a question of law is involved, then the trial court's consideration of the motion is generally proper.  See id.  The trial court is required to take the allegations of the indictment as true.  See id.

Generally, trial courts enjoy broad discretion in ruling on evidentiary issues before trial.  Motions in limine serve "a gatekeeping function" and allow "the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose."  U.S. v. Mandell, No. 12 CR 842, 2014 WL 287520, at *1 (N.D. Ill. Jan. 27, 2014).  Motions in limine "are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues."  U.S. v. Cox, No. 4:13-CR-45, 2014 WL 3361998, at *1 (E.D. Tex. July 5, 2014).  Yet, motions in limine are not binding on the trial judge and the court may always revisit evidentiary issues during the course of a trial.  See id.

Here, the Court agrees with the Government and finds that McIntyre's classification of Coffee Bayou Farms, Cow Bayou Farms, Cypress Bayou Farms, Rachel McIntyre Farms, and 101 Farms as "New Entities" is a misnomer.  See Record Document 80 at 3. McIntyre provides no case law to support his contention that the Government's reliance on the catch-all "and others" provision in Count One is "absurd."  Record Document 75 at 7. Moreover, the money laundering counts involve two of the so-called New Entities.  At this stage, the Court must assume that the allegations in the Indictment are true and the

Indictment will survive a motion to dismiss "if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and insures that there is no risk of future prosecutions for the same offense." U.S. v. Cavalier, 17 F.3d 90, 92 (5th Cir. 1994). As discussed in a previous ruling relating to McIntyre's contention that Count One of the Indictment was duplicitous, Count One charges the single offense of conspiracy to commit mail fraud. A Section 1349 conspiracy does not contain an overt act requirement. See U.S. v. Jones, 733 F.3d 574, 584 (5th Cir. 2013). Likewise, the Government does not have to prove every manner and means of the Section 1349 conspiracy. This Court believes that a plain reading of the Indictment clearly puts McIntyre on notice that the Government is alleging fraud related to multiple shell farming entities, not just Boeuf Bayou Farms and Sandy Bayou Farms.

Notwithstanding, the Government has filed a Bill of Particulars in this matter. That is the appropriate remedy for the specificity McIntyre seeks. In U.S. v. Perez, 489 F.2d 51 (5th Cir. 1973), the Fifth Circuit reasoned:

> We have held before that the government is not limited to overt acts pleaded in proving a conspiracy. It may show other acts of the conspirators occurring during the life of the conspiracy. Thus, we find unconvincing appellant's argument that they were surprised by the government's proof adduced at trial of additional accidents not stated in the indictment. While a bill of particulars has for its purpose informing a defendant of the nature of the charges against him so that he will have sufficient detail to prepare for this defense, to avoid or minimize the danger of surprise at trial, and to enable him to plead double jeopardy in the event of a subsequent prosecution for the same offense, it may not be used to obtain a detailed disclosure of the government's evidence prior to trial.

Id. at 70-71. The Indictment and the Bill of Particulars in this case are more than sufficient to enable McIntyre to prepare a defense. The Bill of Particulars did not constructively amend or broaden the Indictment. Rather, the Bill of Particulars reinforced the allegations

set forth in the Indictment and the discovery and disclosures previously provided by the Government to McIntyre.  McIntyre's request for the charges, evidence, and claims for forfeiture related to the New Entities to be stricken, excluded, and dismissed is **DENIED**.

McIntyre also challenged the timeliness of the charges relating to the New Entities in light of the five year statute of limitations set forth in 18 U.S.C. § 3282(a).  Because the Indictment in this matter employs "on or about" language, the Court believes the jury should decide the issue of timeliness and if there was a connection between the New Entities and the alleged criminal conspiracy.  The Court will instruct the jury using Fifth Circuit Pattern Criminal Jury Instruction Number 1.18, which reads:

> You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near, the date stated in the indictment.

Accordingly,

**IT IS ORDERED** that McIntyre's Motion to Exclude/Strike Charges & Evidence of New Entities (Record Document 75) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of June, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE