**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00218 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRAD A. MCINTYRE | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is a Request for Reconsideration (Record Document 92) filed by Defendant Brad McIntyre ("McIntyre"). McIntyre requests reconsideration of this Court's June 22, 2017 ruling on his Motion to Exclude/Strike Charges of New Entities. See Record Document 88. More specifically, he seeks reconsideration on the ground that the Court did not consider and address his argument that "the grand jury never considered the New Entities in returning the Indictment." See id. at 1-2. McIntyre also points to U.S. v. Yielding, 657 F.3d 688 (8th Cir. 2011) and U.S. v. Salmonese, 352 F.3d 608 (2nd Cir. 2003) to support his contention that the Government has gone beyond the scope of the Indictment because the jury's consideration of evidence relating to the New Entities exposes McIntyre to a potentially greater sentence. See id. at 1-2.

In its ruling, this Court noted that Count One of the Indictment specifically references other farming entities:

> **III. THE OBJECT OF THE CONSPIRACY**
>
> The object of the conspiracy and the scheme and artifice to defraud was to obtain agricultural subsidy payments to which the conspirators were not entitled.
>
> **IV. MANNER AND MEANS OF THE CONSPIRACY**
>
> A. It was part of the conspiracy and the scheme and artifice to defraud that BRAD A. MCINTYRE recruited and used family

> members, farm employees, and friends to create fictitious farming operations, ***including but not limited to, Boeuf Bayou Farms, Sandy Bayou Farms, and others***.

Record Document 1 at 2 (emphasis added). The inclusion of the phrase "and others" in the Indictment itself demonstrates that the grand jury considered evidence regarding other farming entities. Once again, the defense has provided no case law to support his contention that the Government's reliance on the catch-all "and others" provision in Count One is "absurd." Record Document 75 at 7. Moreover, as noted in its previous ruling, this Court has no reason to question or challenge the Government's representation that the four money laundering counts involve criminally derived property from four different farming entities, two of which fall into the "New Entities" identified by McIntyre. See Record Document 80 at 4.

McIntyre's reliance on Yielding and Salmonese also appears to be misplaced as both cases discuss a court's review of a superseding indictment:

> To determine whether a superseding indictment substantially broadens or amends a pending timely indictment, we agree with other courts that it is appropriate to consider "whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence."

Yielding, 657 F.3d at 704; Salmonese, 352 F.3d at 622. There is no superseding indictment in this case and this Court's ruling that there was no constructive amendment or broadening of the Indictment in this matter remains unchanged.

Accordingly,

**IT IS ORDERED** that McIntyre's Request for Reconsideration (Record Document 92) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of June, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE